UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

| | | |
|---|---|---|
| RONALD EDWARD DENARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-75 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| RICH RUSSELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Chippewa Correctional Facility (URF). In his *pro se* complaint, he sues Defendants MDOC Health Care Administrator Rich Russell, MDOC Chief Medical Officer George Pramstaller, Director of Correctional Medical Services Craig Hutchinson, Correctional Medical Services, Inc. ("CMS"), Straits Correctional Facility Dr. Deborah D. Hansen, Straits Correctional Facility Physician's Assistant #11027 C. Rambo, Marquette Branch

Prison Nurse Practitioner #11058 David Guinn and Marquette Branch Prison Nursing Supervisor #15728 John Kimsel.

Plaintiff claims that he was denied adequate medical treatment for his Hepatitis C, which has resulted in permanent liver damage. Plaintiff states that, as a result of his mistreatment, he now requires a liver transplant. In addition, Plaintiff claims that he was denied orthopedic shoes, which he requires because of extensive surgical repairs to his right leg following a gunshot wound. Plaintiff alleges that the lack of proper footwear causes significant pain and pressure to his weakened hip, leg, and knee. For relief, Plaintiff requests compensatory and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v.*

*Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Plaintiff's claim of deliberate indifference to serious medical needs is the type of claim that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff attached copies of grievances that he filed to his complaint. However, the only Defendant specifically named in a step I grievance is Defendant Guinn. Plaintiff fails to name any of the other Defendants in his grievances. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to

demonstrate exhaustion of available administrative remedies against Defendants Russell, Pramstaller, Hutchinson, CMS, Hansen, Rambo or Kimsel.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, ___ F.3d ___, No. 03-2331, slip op. at 4-6 (6th Cir. Apr. 27, 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

    A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    June 9, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |