UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RONALD EDWARD DENARD, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-75 |
| ) | |
| v. ) | HON. RICHARD ALAN ENSLEN |
| ) | |
| RICH RUSSELL, *et al.*, ) | |
| ) | **ORDER DENYING MOTION** |
| Defendants. ) | **FOR RECONSIDERATION** |
| ) | |

Plaintiff Ronald Edward Denard, a prisoner incarcerated at the Chippewa Correctional Facility (URF), filed a complaint pursuant to 42 U.S.C. § 1983. This Court dismissed Plaintiff's complaint for failure to exhaust administrative remedies on June 9, 2005. (Dkt. Nos. 5 & 6.) Plaintiff has filed a notice of appeal. However, he has also filed a motion to reconsider, which the Court construes as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court finds that the motion is timely. *See* FED. R. CIV. P. 60(b). Plaintiff has also filed a motion to stay. The Court must address the motions despite the notice of appeal. *See* FED. R. APP. P. 4. After careful consideration, the Court will deny the motions.

In the Opinion dismissing Plaintiff's complaint, the Court notes that Plaintiff attached copies of grievances that he filed to his complaint. However, the only Defendant specifically named in a step I grievance was Defendant Guinn. Plaintiff failed to name any of the other Defendants in his grievances. A prisoner must specifically mention the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d

720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Plaintiff's motion for reconsideration is not entirely coherent. Plaintiff's Motion for Reconsideration claims he never had a chance to exhaust his grievance beyond the second step because prison officials did not respond to his third step grievance. However, this contention does not address the rationale for dismissing Plaintiff's complaint.

Plaintiff's Motion to Stay seeks a stay so that he can exhaust his administrative remedies. Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Therefore, Plaintiff is not entitled to a stay. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration (Dkt. No. 9) and to Stay (Dkt. No. 11) are **DENIED**.

DATED in Kalamazoo, MI:  
    August 19, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE